23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald JACKSON, Defendant-Appellant.
 No. 93-5483.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided May 4, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-93-48)
 Herbert W. Louthian, Louthian & Louthian, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., James M. Griffin, Asst. U.S. Atty., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Jackson appeals from his convictions for being an accomplice after the fact to bank robbery in violation of 18 U.S.C.A. Sec. 3 (West Supp.1993) and possession of stolen money in violation of 18 U.S.C. Sec. 2113(c) (1988). Jackson asserts that the district court erred in not excluding hearsay testimony by a co-defendant, and in not suppressing his confession. We affirm his convictions.
 
 
 2
 In January 1993, William Page robbed Southern National Bank in Columbia, South Carolina. After robbing the bank, Page went to Jackson's apartment with the stolen money. Once there, Jackson removed the bank wrappers from the money and destroyed them, and also destroyed the clothes Page wore during the crime. Additionally, Jackson took the license plates off of Page's car. Christine Amaker, Jackson's girlfriend, arranged to have the car taken away. Then, Page, Amaker, and Jackson went on a three-day, around-the-clock party involving marijuana, cocaine, and alcohol. They were arrested at 3:00 a.m. on the third day. Twelve hours after being arrested, Jackson was questioned about the crimes. He signed a waiver of rights form and confessed to his part in the offenses. On the morning of the trial Jackson sought to suppress the confession. The district judge held a hearing and denied the motion, both as untimely and on the merits. After a jury trial, at which Page testified, Jackson and Amaker were convicted. Jackson appeals.
 
 
 3
 Initially, Jackson claims that his confession should have been suppressed because he was still under the influence of drugs and alcohol when he signed the waiver of rights form, and because he asked for an attorney prior to signing the waiver and was not provided with one. Under Fed.R.Crim.P. 12(b)(3), a motion to suppress must be filed prior to trial. Failure to timely move to suppress evidence acts as a waiver unless the defendant can show cause for failure to make a timely motion and resultant prejudice. United States v. Wilson, 895 F.2d 168, 173 (4th Cir.1990); see also Fed.R.Crim.P. 12(f). The docket sheet reflects that Jackson was indicted in February 1993; a pre-trial conference was held on April 1, 1993, at which no motion to suppress was noted. The trial did not start until April 26, nearly a month later. Jackson made no attempt to suppress the confession at any time prior to the morning of the trial and provided no explanation for his failure to do so. Therefore, the district court properly denied Jackson's motion as waived.*
 
 
 4
 Jackson's second allegation is that the district court abused its discretion by allowing Page to testify that "Donald[Jackson] was thinking about a trial by jury but thought maybe it would be best to go ahead and plead guilty." The district court admitted this testimony as a party opponent admission under Fed.R.Evid. 801(d)(2)(A). It is not clear that Jackson's consideration of a guilty plea is an admission of guilt; however, Jackson's confession and Page's testimony against him provided sufficient evidence to convict Jackson in spite of this statement. Thus, its admission at trial was, at most, harmless error. See Fed.R.Crim.P. 52(a); United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 5
 Therefore, we affirm Jackson's convictions and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The alternative merit-based denial was also correct. Jackson testified at the suppression hearing that he understood all of his rights at the time he signed the waiver form. Additionally, the district court found that Jackson was lying about requesting an attorney, and credibility determinations are not reviewable on appeal. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987)